**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

SILVIO QUEZADA VEGA, and all
others similarly situated pursuant to
29 U.S.C. §216(b),

                Plaintiff,

vs.

LE CAT USA, INC. f/k/a LECHAT USA,
INC., d/b/a RUMBAS EVENT RENTALS,
a Florida corporation, GIMI GASSAN
KASSIS, an individual,

                Defendants.
_____/

## COMPLAINT

SILVIO QUEZADA VEGA ("Plaintiff"), individually and on behalf of others similarly situated, sues LE CAT USA, INC. f/k/a LECHAT USA, INC., d/b/a RUMBAS EVENT RENTALS ("Corporate Defendant") and GIMI GASSAN KASSIS (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

### NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Plaintiff seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate their business in this District, and Plaintiff was employed in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, sui juris, and is a resident of this State.

6. Corporate Defendant is a corporation existing under the laws of the Florida.

7. Corporate Defendant is a party rental service located at 10505 NW 29th Terr., in Doral, Florida, which is in this District.

8. On information and belief, Individual Defendant is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant.

9. Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA.

15. Plaintiff worked for the Defendants from March 2022 through October 2022.

16. Plaintiff was employed to undertake a variety of tasks including driving trucks, making deliveries and pick-ups, and installing tents for events.

17. Plaintiff handled goods that traveled through interstate commerce, including motor vehicles, party supplies for rental, tents, and other such items.

18. Plaintiff's work duties required neither discretion nor independent judgment.

19. Plaintiff's schedule varied based on the season, during the busy season, Plaintiff worked 7 days a week, from between 6:00 a.m. to 8:00 a.m. until 5 p.m. or 6 p.m., or later. There were multiple occasions on which Plaintiff worked up to 15 hours in one day during the busy season. During the slower season, Plaintiff worked the same hours, but only 5-6 days a week.

20. Plaintiff worked 50-60 hours per week, on average, and often much more.

21. Plaintiff was paid a standard rate of $11.00 an hour when him employment began for each hour worked. He was paid "time and a half" only for work later than 9 p.m., on days when work until that hour was necessary.

22. Throughout his employment with Defendants, Plaintiff was paid in cash.

23. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek (other than occasional hours after 9 p.m.).

24. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant business.

25. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA.

## FLSA COLLECTIVE ACTION CLAIMS

26. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

27. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

28. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

29. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

30. 29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

31. Defendants' failure to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiff is entitled, and specifically requests, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing. Plaintiff further requests all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable under the circumstances.

32. Further, upon information and belief, Defendants have employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Florida and Federal law, and Plaintiff reserves the right to add additional persons to this action plaintiffs, and to move this Court for certification of a collective action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c)

Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

d) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

j) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury. November

November 4, 2022

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH: (954) 745-0588

By: */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

## CONSENTIMIENTO PARA DEMANDAR BAJO LA LEY DE NORMAS LABORALES JUSTAS (FAIR LABOR STANDARDS ACT)

Yo, **SILVIO QUEZADA VEGA** soy un empleado o ex empleado de **LE CAT USA, INC. f/k/a LECHAT USA, INC., d/b/a RUMBAS EVENT RENTALS** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 11/1/2022, 2022.

_____
**SILVIO QUEZADA VEGA**
(DocuSigned by: EBAE6ED3851B4F2)